UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

| | | |
|---|---|---|
| KENNY RAY RILEY, )  <br> Plaintiff, ) <br> vs. ) <br> ) <br> LISA LIZENBY, ) <br> ) <br> Defendant. ) | | 4:08-cv-57-SEB-WGH |

**Entry Discussing Motion for Summary Judgment**

A court will grant summary judgment if "there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Scott v. Edinburg,* 346 F.3d 752, 755 (7th Cir. 2003) (quoting **FED.R.CIV.P.** 56(c) and citing *Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986)). A party moving for summary judgment initially has the burden of showing the absence of any genuine issue of material fact in the evidence of record. *Adickes v. S.H. Kress & Co.,* 398 U.S. 144 (1970); *Schroeder v. Barth, Inc.,* 969 F.2d 421, 423 (7th Cir. 1992). The defendant in this civil rights action brought by Kenneth Ray Riley ("Riley") has met her burden through her unopposed motion for summary judgment (dkt 33). This conclusion is based on the following facts and circumstances:

1. Riley was formerly a prisoner in the Scott County Jail ("Jail") and alleges that for an 11-day period in January 2008 the conditions of his confinement there were violative of his federally secured rights. His action to redress this alleged violation of his rights is brought pursuant to 42 U.S.C. § 1983. The defendant against whom the action has proceeded is Jail Nurse and Treasurer Lisa Lizenby. Lizenby seeks resolution of the claims against her through the entry of summary judgment. Lizenby is alleged to have misinformed Riley's family that she had examined him and that he was fine, when in fact he was not given a medical examination and was left to sleep on a cold concrete floor. The court found this allegation not actionable "to the extent that this claim rests on an allegation of misinformation," but concluded otherwise to the extent that the "claim rests on a suggestion that Nurse Lizenby denied the plaintiff adequate medical care or misdirected his requests to see a physician."

2. "Section 1983 is not itself a source of substantive rights; instead it is a means for vindicating federal rights elsewhere conferred." *Ledford v. Sullivan,* 105 F.3d 354, 356 (7th Cir. 1997) (citing *Baker v. McCollan*, 443 U.S. 137, 144, n.3 (1979)). Accordingly, "the first step in any [§ 1983] claim is to identify the specific constitutional right infringed." *Albright v. Oliver,* 510 U.S. 266, 271 (1994).

     3.     At that time pertinent to his claim in this action, Riley was a pretrial detainee and thus entitled under the Fourteenth Amendment to be free from the imposition of punishment without due process. See *Williams v. Rodriguez,* 509 F.3d 392, 401 (7th Cir. 2007); *Board v. Farnham,* 394 F.3d 469, 478 (7th Cir. 2005). With this constitutional standard in place, the underlying test is the following:

> Prison officials violate the Constitution if they are deliberately indifferent to prisoners' serious medical needs. A claim based on deficient medical care must demonstrate two elements: 1) an objectively serious medical condition, and 2) an official's deliberate indifference to that condition. An objectively serious medical need includes both diagnosed conditions requiring treatment and conditions "so obvious that even a lay person would easily recognize the necessity for a doctor's attention." See *Zentmyer v. Kendall County, Ill.,* 220 F.3d 805, 810 (7th Cir. 2000)(internal quotation and citation omitted).

*Williams v. Liefer,* 491 F.3d 710, 714 (7th Cir. 2007) (some internal citations omitted). As to the second element, deliberate indifference requires a showing that the official was actually aware of a serious risk yet failed to take any action. See *Whiting v. Marathon County Sheriff's Dep't,* 382 F.3d 700, 703 (7th Cir. 2004); *Jackson v. Ill. Medi-Car, Inc.,* 300 F.3d 760, 765 (7th Cir. 2002).

     4.     As noted, Riley has not responded to Lizenby's motion for summary judgment with argument, with evidentiary material, or with the statement of material facts in dispute required by Local Rule 56.1(b). The consequence of this is that Riley has admitted the truth of Lizenby's statement of material facts for purposes of the court acting on the motion for summary judgment. See *Johnson v. Gudmundsson,* 35 F.3d 1104, 1108 (7th Cir. 1994). This does not alter the standard for assessing a Rule 56(c) motion, but does "reduc[e] the pool" from which the facts and inferences relative to such a motion may be drawn. *Smith v. Severn,* 129 F.3d 419, 426 (7th Cir. 1997). The Seventh Circuit Court of Appeals has consistently "sustained entry of summary judgment where 'the nonmovant has failed to submit a factual statement in the form called for by the pertinent rule and thereby conceded the movant's version of the facts.'" *Brasic v. Heinemann's Inc.,* 121 F.3d 281, 286 (7th Cir. 1997)(quoting *Waldridge v. American Hoechst Corp.,* 24 F.3d 918, 922 (7th Cir. 1994)).

     5.     The following facts are undisputed or if disputed represent the version most favorable to Riley as the non-movant. *Reeves v. Sanderson Plumbing Products, Inc.,* 530 U.S. 133, 150 (2000).

- Riley was booked into the Scott County Jail on January 8, 2008. He reported that he was HIV positive and that information was passed on to Lizenby, the Jail matron and a Registered Nurse.

- Lizenby was informed that Riley was on two medications, Naproxen and Fluconazole. Riley was provided Naproxen from January 10 until he refused it on January 17, and he received Fluconazole beginning January 11, 2008. Riley was taken to the hospital for blood tests and an x-ray on January 22, 2008. Lizenby was informed that Riley had a high white blood cell count and informed that an x-ray showed mild bilateral infiltrate in Riley's lungs.

- The next morning Lizenby called the Jail's physician, John Croasdell, M.D., about the test results and Dr. Croasdell prescribed Bactrim and Nystatin, which was provided to Riley along with Ensure shakes. Riley was released to home detention from the Jail on January 24, 2008.

- Riley was again arrested and booked into the Jail on February 23, 2008, and remained in the Jail until released on May 30, 2008. During this time, he was provided with a variety of prescription medications, was examined by the Jail physician, was taken to infectious disease specialist in Louisville, Kentucky, and was given double portions of food. During this time, Lizenby monitored Riley's medical condition and responded to his symptoms and requests.

A court examines the totality of an inmate's medical care when determining whether prison officials have been deliberately indifferent to an inmate's serious medical needs. *Reed v. McBride,* 178 F.3d 849, 855 (7th Cir. 1999). The evidentiary record summarized above negates the presence of the subjective state of mind required to show deliberate indifference, *i.e.,* that the defendant was "subjectively aware of [Riley's] serious medical needs and disregarded an excessive risk that a lack of treatment posed to his health or safety." *Wynn v. Southward,* 251 F.3d 588, 593 (7th Cir. 2001). Riley's opinion otherwise does not support a claim of cruel and unusual punishment. *Garvin v. Armstrong,* 236 F.3d 896, 898 (7th Cir. 2001) ("A difference of opinion as to how a condition should be treated does not give rise to a constitutional violation."). Riley offers no evidentiary basis on which to conclude that Nurse Lizenby was not exercising reasonable professional judgment when assessing and treating his medical condition and needs and when implementing directions from physicians or communicating to physicians regarding Riley's condition. The possible claim discerned from Riley's complaint that Lizenby denied Riley adequate medical care or misdirected his requests to see a physician has been shown to be unfounded. Lizenby provided Riley with medications prescribed by the physicians in charge of his care. She arranged for Riley to be seen at the hospital on January 22, 2008, for tests and contacted the Jail's physician with the results. She then provided additional medications based on that physician's orders.

## Conclusion

It has been explained that "summary judgment serves as the ultimate screen to weed out truly insubstantial lawsuits prior to trial." *Crawford-El v. Britton,* 118 S. Ct. 1584, 1598 (1998). This is a vital role in the management of court dockets, in the delivery of justice to individual litigants, and in meeting society's expectations that a system of justice operate efficiently. For the reasons explained in this Entry, therefore, the defendant's motion for summary judgment (dkt 33) is **granted**.

Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 02/23/2009

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana